PIERRE CHOTEAU & another *vs.* WILLIAM H. RICHARDSON.

If residents of another state recover judgment in Massachusetts against an insolvent debtor, residing here, who has received a certificate of discharge, and afterwards bring an action upon such judgment and recover·a new judgment thereon, an execution upon such new judgment may issue against the estate, but not against the body, of the defendant.

CONTRACT upon a judgment recovered in this commonwealth April 21st 1854, by residents of New York against a citizen of Massachusetts.

It was agreed in the superior court that before the recovery of the judgment the defendant went into insolvency and received a certificate of discharge, which was filed in that case. The plaintiffs never lived in Massachusetts, and the claim upon which their judgment was founded was provable in insolvency against the defendant's estate. It was agreed in that case that judgment might be rendered for the plaintiffs, and execution issued against the goods and estate only of the defendant, pursuant to law.

On these facts, judgment was ordered for the plaintiffs, with execution to issue against the estate of the defendant, but not against his body. The defendant appealed to this court.

*N. B. Bryant,* for the defendant. By Gen. Sts. *c.* 118, § 78, execution cannot issue against the body of the defendant, and no "attachment" can be made of his subsequently acquired property. By Gen. Sts. *c.* 123, § 32, all property subject to levy may be attached. This shows that the word "attachment" in *c.* 118, § 78, was used in the sense of sequestration or seizure in any form.

*J. A. Loring,* for the plaintiffs, cited *Wilmarth* v. *Burt,* 7 Met. 257; *Coffin* v. *Coffin,* 16 Pick. 323; *Boston Type & Stereotype*

*Foundery* v. *Wallack*, 8 Pick. 186; *Sturgis* v. *Crowninshield*, 4 Wheat. 198; *Call* v. *Hagger*, 8 Mass. 423.

DEWEY, J. The plaintiffs being residents of the state of New York, a discharge under the insolvent laws of Massachusetts does not operate to discharge an existing cause of action, and a suit may be maintained thereon here, and the same may proceed to judgment, and execution may issue against the goods and effects of the defendant, but not against his body, that being exempted by our statute as it properly might be; this being a matter affecting merely the remedy or mode of proceeding to enforce payment of a debt. Such was the right of the creditor and such the effect of the judgment originally obtained against the defendant, and, it being thus limited as to the form of the execution, the plaintiffs cannot by an action upon such judgment avoid the provisions of our statute exempting the body from arrest in such cases. But they are entitled to a judgment, and execution against the estate of the defendant in this, as they were in the former action.

*Judgment of the superior court affirmed.*